MEMORANDUM OPINION
{¶ 1} On June 21, 2006, appellant, Lucas W. Neff, filed a pro se motion for a delayed appeal, pursuant to App.R. 5(A), from his judgment of conviction and sentence issued by the trial court on May 11, 2004. That judgment indicates that appellant entered a plea of guilty to three counts of felonious assault, with a firearm specification, and he was sentenced to an aggregate term of five years in prison.
 {¶ 2} Along with his motion for delayed appeal, appellant's notice of appeal was filed over two years after the judgment was entered by the trial court.
 {¶ 3} App.R. 5(A) provides, in relevant part:
 {¶ 4} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 5} "(a) Criminal proceedings;
 {¶ 6} "(b) Delinquency proceedings; and
 {¶ 7} "(c) Serious youthful offender proceedings.
 {¶ 8} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *"
 {¶ 9} In his motion, appellant asserts the following as his reasons for failing to perfect a timely appeal: 1) he was not informed by the trial court of his right to appeal; 2) his trial counsel attempted to withdraw as counsel prior to sentencing; 3) he had medical issues; 4) he was without his psychotropic medication for nearly a year while he was under severe psychiatric distress; 5) he was indigent and without funds to obtain counsel.
 {¶ 10} While appellant's reasons might explain a lapse of one year in initiating his direct appeal due to his medical and psychological problems during that time, his reasons do not justify a two year delay between the time of his conviction and sentence until the filing of his motion for delayed appeal. We find that appellant was not diligent in taking the proper steps to protect his own rights.
 {¶ 11} Accordingly, it is ordered that appellant's motion for leave to file a delayed appeal is hereby overruled.
 {¶ 12} Appeal dismissed.
Grendell, J., concurs. O'Neill, J., dissents.